**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAWRENCE TANKERSLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:05CV755-DJS |
| | ) | |
| **BUEL, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action arises from a rear-end motor vehicle accident. Now before the Court are three motions to compel filed by plaintiff.

## Motion to Compel Production of Photographs

In his motion to compel production of photographs, plaintiff acknowledges that in response to discovery seeking photographs, defendant has produced seven photographs of plaintiff's vehicle while garaged at plaintiff's residence. Because plaintiff remembers defendant's driver, Scott Atkins, taking photographs at the accident scene, plaintiff seeks to compel the production of same. In response, defendant represents to the Court that it has produced all photographs in its possession, explaining that Mr. Atkins has not driven for defendant for several years and defendant has been unable to locate Mr. Atkins, who has

not provided to defendant any photographs he took at the scene.  In the circumstances presented, the Court will deny the motion to compel without prejudice as moot, but as alternatively requested by plaintiff, will bar defendant's use at trial of any photographs or video defendant failed to timely produce in response to plaintiff's discovery requests.  Plaintiff appears to request the exclusion of *any* photographs offered by defendant at trial, but the Court is not persuaded in the circumstances presented that defendant should be precluded from offering the seven photographs which it has produced in response to plaintiff's discovery requests.

**Motion to Compel Production of Corporate Representatives and Truck Driver for Deposition**

Next plaintiff moves to compel defendant's production of a corporate representative and the truck driver for deposition.  The parties' dispute concerning the corporate representative's deposition centers on the place of the deposition.  Although defendant's corporate representative is located in South Carolina, plaintiff argues that the deposition should take place in St. Louis, as more efficient and cost-effective, requiring only the travel of one person, the deponent, rather than the travel of both counsel and the plaintiff himself, who is said to continue to undergo treatment for the condition caused by the accident.  Plaintiff further contends that defendant should bear one-half the

cost of the required travel, but has also offered to schedule the deposition in St. Louis such that an overnight stay by the deponent is not required.  Defendant has indicated its amenability to producing the corporate representative either at defendant's headquarters in Chesnee, South Carolina or at the airport in Charlotte, North Carolina.

Upon careful consideration, the Court is not persuaded to compel defendant to produce its corporate representative in St. Louis for the convenience of plaintiff and his counsel.  Plaintiff seeks the deposition, and can therefore reasonably be required to bear the inconvenience and expense of travel to the corporate headquarters, or such other location to which counsel agree, in order to obtain the deposition.

As to the driver of the truck, plaintiff complains that defendant has failed to produce the driver for deposition, but defendant disclaims any such power of production, representing that the driver no longer works for defendant and that, like plaintiff, defendant has been unable to locate or contact Mr. Atkins.  In these circumstances, the Court cannot compel defendant to produce a witness over whom defendant appears not to have control. Defendant does not directly respond to plaintiff's unsupported assertion that defendant has access to databases and resources through which Mr. Atkins' location is easily available, but defendant does represent that Atkins "cannot be located by defendant."  Def. Memo. in Opp. [Doc. #36], p.3.  On such a record,

and without any showing by plaintiff of a discovery request to which the information would be responsive and of defendant's means of access to additional information, the Court is not persuaded to order defendant to provide further information concerning Atkins' whereabouts.

For these reasons, the motion to compel production of corporate representatives and truck driver for deposition will be denied.  The parties are instructed to employ their best efforts in good faith to agree upon a date and time for the corporate representative's deposition to take place at defendant's headquarters, or at such other place as the parties agree.

**Motion to Compel Production of Documents**

Plaintiff seeks to compel defendant to produce further responses to twelve requests for production of documents. Plaintiff's Exhibit 1 to the motion is an incomplete copy of defendant's response to the document requests, from which most of the requests and responses at issue are missing.

The Court is not persuaded to compel production of defendant's accident or incident reports [Request #12], over defendant's invocation of work product privilege.  The privilege typically applies to such materials and plaintiff fails to overcome it in that he has not attempted the showing required by Fed.R.Civ.P. 26(b)(3).  Plaintiff's Request #29, seeking all

documents related to defendant's accident history for a period of more than five years, is overbroad in time and in that it is not targeted to accidents in any way similar to the one at issue in this action.  Because in response to Plaintiff's Request #34, seeking driver Scott Atkins' employment file, defendant represents that it has produced its file containing "any and all" documentation regarding Mr. Atkins' qualifications, training, and accidents, the Court will compel no further response.

The remainder of the requests at issue in the motion seek documents which plaintiff insists defendant was required by applicable regulations to maintain, but which defendant denies having.  Whether or not plaintiff may successfully attack defendant at trial for its lack of the requested documents, the Court cannot compel production of that which does not exist.  For all the foregoing reasons, plaintiff's motion to compel production of documents [Doc. #31] will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel production of photographs [Doc. #29] is denied without prejudice as moot, but as alternatively requested by plaintiff, defendant is barred from using at trial any photographs or video defendant failed to timely produce in response to plaintiff's discovery requests for such materials.

**IT IS FURTHER ORDERED** that the motion to compel production of corporate representatives and truck driver for deposition [Doc. #33] will be denied. The parties are instructed to employ their best efforts in good faith to agree upon a date and time for the corporate representative's deposition to take place at defendant's headquarters, or at such other place as the parties agree.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel production of documents [Doc. #31] is denied.


Dated this ____10th____ day of January, 2006.


                                                /s/Donald J. Stohr
                                                UNITED STATES DISTRICT JUDGE